NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

FRANCES MILLER, *Plaintiff/Appellee*,

*v.*

ERNEST MILLER, *Defendant/Appellant*.

No. 1 CA-CV 15-0410 FC

FILED 03-22-2016

Appeal from the Superior Court in Maricopa County
No. FN2015-092932
The Honorable Richard J. Hinz, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Ernest Miller, Mesa
*Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

**J O H N S E N**, Judge:

**¶1**         Appellant Ernest Miller argues the superior court erred in granting and affirming an order of protection in favor of his wife, Frances Miller.  For the following reasons, we affirm.

**¶2**         In May 2015, Frances petitioned for an order of protection against Ernest, alleging he had committed acts of domestic violence against her.  The court found reasonable cause to believe Ernest "may commit an act of domestic violence or has committed an act of domestic violence within the past year," and issued an order of protection directing that he have no contact with Frances and prohibiting him from going to or near her residence.  Ernest requested a hearing, which the court held the following week.  After hearing testimony from both parties, the court found good cause to continue the order of protection and directed that it remain in effect.  Ernest timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(b) (2016).[1]

**¶3**         Ernest argues the superior court erred by issuing and later affirming the order of protection because Frances' allegations of domestic violence were false.[2]  We review an order of protection for an abuse of discretion.  *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014).

**¶4**         A court shall issue an order of protection if it determines there is reasonable cause to believe that the defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year.  A.R.S. § 13-3602(E)(2) (2016).  The court may continue the protective order after a hearing if the plaintiff proves his or her case by a preponderance of the evidence.  A.R.S. § 13-3602(I) (2016); Ariz. R. Prot. Order P. 38(g).  Because Ernest has not provided a transcript of the protective order hearing, we must presume the record supports the superior court's findings.  *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).  Accordingly, we assume Frances presented credible evidence at the hearing

---

[1]         Absent material revision after the relevant date, we cite a statute's current version.

[2]         Although we may regard Frances' failure to file an answering brief as a confession of reversible error, *McDowell Mtn. Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007), in the exercise of our discretion, we choose to address the merits of the appeal.

that Ernest might commit an act of domestic violence or had committed an act of domestic violence within the past year.  Without a transcript of the proceeding, we cannot say the court abused its discretion by granting and continuing the order of protection.  We therefore affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : RT