IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

PATRICIA BOCCHINO, *Plaintiff/Appellee*,

*v.*

FOUNTAIN SHADOWS HOMEOWNERS ASSOCIATION,
*Defendant/Appellant*.

No. 1 CA-CV 16-0710
FILED 4-3-2018

---

Appeal from the Superior Court in Maricopa County
No.  CV2015-012434
The Honorable Douglas Gerlach, Judge

**AFFIRMED**

---

COUNSEL

Dessaules Law Group, Phoenix
By Jonathan A. Dessaules, Ashley C. Hill
*Counsel for Plaintiff/Appellee*

Carpenter, Hazlewood, Delgado & Bolen, PLC, Phoenix
By Chad P. Miesen, Charlene Cruz
*Counsel for Defendant/Appellant*

## OPINION

Judge John C. Gemmill[1] delivered the opinion of the Court, in which Presiding Judge Michael J. Brown and Judge Maria Elena Cruz joined.

**G E M M I L L**, Judge:

¶1    Fountain Shadows Homeowners Association (the "Association") appeals from summary judgment in favor of Patricia Bocchino.  We affirm the judgment requiring the Association to repay an amount of attorney fees to Bocchino.  The Association was not entitled to unilaterally assess against her the attorney fees it incurred in obtaining from justice court an injunction against her, when the Association did not seek an award of attorney fees from the court and no fees were awarded by the court.

## FACTS AND PROCEDURAL HISTORY

¶2    Bocchino previously owned a home located within the community known as Fountain Shadows.  All property owners within Fountain Shadows are members of the Fountain Shadows Homeowners Association and are subject to a Declaration of Covenants, Conditions, and Restrictions (the "Declaration").  A short time after purchasing the property, Bocchino allegedly began harassing certain members of the Association board and disrupting Association meetings. Her actions prompted the Association to video record its meetings and hire an off-duty police officer to keep the peace at the meetings.

¶3    On December 10, 2014, tensions boiled over at an Association meeting.  According to witnesses at the meeting and responding police officers, Bocchino demanded copies of certain paperwork after the meeting and refused to leave after being asked several times.  According to Bocchino, after the off-duty officer present for the meeting "twisted" Bocchino's arm, she called police to have that individual prosecuted for assault.  The responding officer viewed the video of the meeting and

---

[1]  The Honorable John C. Gemmill, retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

confirmed that after two people asked her to leave, the off-duty officer walked her out in an "escort hold." After "several minutes of arguing with officers on scene," Bocchino finally left.

**¶4**        The Association and several of its leaders sought from the Manistee Justice Court an injunction against workplace harassment by Bocchino, citing Arizona Revised Statutes ("A.R.S.") section 12-1810. After an *ex parte* hearing without notice to Bocchino, the justice court granted the injunction. Bocchino did not thereafter contest the injunction. The Association did not ask the justice court to grant attorney fees when it sought the injunction, and the court did not award any fees. Instead, the Association assessed — directly against Bocchino in her Association account — the attorney fees it incurred ($3,887.28) to obtain the injunction. To do so, the Association relied primarily on the following provisions in the Declaration:

> Article XIII, Section 10. No noxious or offensive activity shall be carried on upon any Lot or any part of the Properties, nor shall anything be done thereupon which may be, or may become, an annoyance or nuisance to the neighborhood, or which shall in any way interfere with the quiet enjoyment of each of the Owners of his respective Townhouse, or which shall in any way increase the rate of insurance.

> Article XVII, Section I. Attorneys' Fees. In the event the Association employs an attorney or attorneys to enforce the collection of any amounts due pursuant to this Declaration or in connection with any lien provided for herein, or the foreclosure thereof, or to enforce compliance with or specific performance of the terms and conditions of this Declaration, the Owner . . . against whom the action is brought shall pay all attorneys' fees . . . thereby incurred by the Association in the event the Association prevails in any such action.

**¶5**        In making the assessment, the Association reasoned that Bocchino's conduct violated Article XIII, Section 10 of the Declaration; the Association took legal action to enforce the Declaration; the Association incurred attorney fees, costs and expenses in doing so; Article XVII, Section I of the Declaration provides that the Association is entitled to recover all attorney fees, costs and expenses incurred in such an action if it prevails; and the Association prevailed by obtaining the relief it sought—the issuance of the injunction.

¶6        Bocchino sold her Fountain Shadows home in September 2015. Five days prior to closing, the Association notified the title company of the balance remaining on Bocchino's account, including the attorney fees. The title company withheld that balance from Bocchino's sale proceeds and remitted it to the Association.

¶7        Bocchino then filed a complaint in superior court alleging, *inter alia*, breach of contract and breach of the covenant of good faith and fair dealing. After the Association answered, Bocchino moved for summary judgment. The Association responded to Bocchino's motion with a cross-motion for summary judgment. After briefing and argument, the superior court ruled Bocchino was entitled to damages of $3,887.28, the amount of the fees the Association assessed against her. The court considered the issue of the Association's entitlement to attorney fees as turning on whether the injunction was enforceable, and the court concluded that the injunction was unconstitutionally vague and overbroad. The court also ruled that the Association could not have been the "prevailing party" in an uncontested injunction against workplace harassment when Bocchino was not given notice and did not participate.

¶8        The Association timely appeals. We have jurisdiction pursuant to A.R.S. §§ 12-120.21 and -2101.

## DISCUSSION

¶9        "We review the grant of summary judgment de novo and view the evidence in the light most favorable to [the Association], the party against whom summary judgment was entered." *Espinoza v. Schulenburg*, 212 Ariz. 215, 216, ¶ 6 (2006). We will affirm a summary judgment ruling if it is correct for any reason. *Hawkins v. State*, 183 Ariz. 100, 103 (App. 1995).

¶10        As noted, the superior court found the injunction was unenforceable as a matter of law because, as written, it was unconstitutionally vague and overbroad. We decline to reach this constitutional issue, however, because we can resolve this appeal on non-constitutional grounds. *See Fragoso v. Fell*, 210 Ariz. 427, 430, ¶ 6 (App. 2005) ("Courts should decide cases on nonconstitutional grounds if possible, avoiding resolution of constitutional issues, when other principles of law are controlling and the case can be decided without ruling on the constitutional questions.") (citation omitted).

¶11        Although conceding it did not seek attorney fees from the justice court that issued the injunction, the Association argues it was not required to do so because the Declaration authorized the unilateral

4

imposition of the fees it incurred in seeking the injunction. Bocchino argues the statute allowing an injunction against workplace harassment, A.R.S. § 12-1810, provided the "exclusive basis" for the Association to request and receive its fees, and because the Association did not comply with the statute's requirements, it is barred from recovering an award of fees.

**¶12** We conclude the superior court's judgment should be affirmed for two primary reasons.

**¶13** First, A.R.S. § 12-1810 governs injunctions against workplace harassment, and the Association relied on the statute when seeking its injunction in justice court. Subsection 12-1810 (O) provides that "[o]n notice to the affected party *and* after a hearing, the *court* may enter an order that requires any party to pay the costs of the action, including reasonable attorney fees." (Emphasis added.) Therefore, we conclude the Association waived its claim for attorney fees incurred in this judicial proceeding by not requesting an award of fees from the justice court that issued the injunction.[2] This conclusion is also consistent with other Arizona rules and statutes. *See* Ariz. R. Prot. Order Proc. 2(C)(1) (2015) ("After a hearing with notice to the affected party, a *judicial officer* may order any party to pay the costs of the action, including reasonable attorneys' fees . . . .") (emphasis added); Ariz. R. Civ. P. 54(g)(1) (2015) ("A claim for attorneys' fees shall be made in the pleadings."); Ariz. R. Just. Ct. P. 139(e) ("If a party has made a claim for attorneys' fees in a pleading, the party may request that attorneys' fees be included in the amount of the judgment."); A.R.S. § 12-341.01(A) ("In any contested action arising out of a contract . . . the *court* may award the successful party reasonable attorney fees.") (emphasis added).

**¶14** Second, the Declaration does not expressly provide that the Association may assess, directly against a homeowner, attorney fees

---

[2] We also note that a default judgment cannot exceed the relief requested in the complaint served upon the defaulting defendant. *See* Ariz. R. Civ. P. 54(d) (2015) ("A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."); *Kline v. Kline*, 221 Ariz. 564, 571, ¶ 27 (App. 2009) (Rule 54(d) "serves the goals of due process by preventing a plaintiff from securing a result in a default proceeding without giving the defendant notice of the risk he faces."). Similarly, the Association did not provide Bocchino notice in the injunction proceeding that it was seeking attorney fees, which would have allowed Bocchino to choose whether to contest the validity of the injunction, any award of fees, or both.

incurred in a judicial proceeding that have not been awarded by a qualified tribunal.

**¶15** The Association further contends that because the fee provision in the Declaration allows the Association to recover "all" the fees incurred, no judicial approval of fees is necessary. Section 12-1810(O) and sound policy dictate otherwise. Even a contractual entitlement to "all" attorney fees incurred can be overcome by an evidentiary showing that the fees were "clearly excessive." *See McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 270-71, ¶ 20 (App. 2007). Moreover, the Association has cited no authority for the proposition that it was permissible to simply charge Bocchino's Association account for attorney fees it incurred without first receiving an award from the court. Requiring the tribunal that resolves the litigation to evaluate attorney fee claims – as generally required by our statutes and rules – constitutes sound policy. Courts play a significant role in assessing and awarding attorney fees incurred in judicial proceedings.[3]

---

[3] The parties' competing contentions in this case underscore the value of judicial oversight. Bocchino argues that the Association charged her for attorney fees it incurred *after* the injunction was issued. And in its ruling, the superior court observed that the record failed to show why it was reasonable at all "to retain attorneys given the nature of the conduct alleged." Whether the fees the Association incurred were prima facie reasonable (or clearly excessive) was a question for the court that issued the injunction.

## CONCLUSION

**¶16**       On this record, we conclude the Association improperly assessed attorney fees against Bocchino that had not been awarded by the justice court.  We therefore affirm the judgment of the superior court.[4]

**¶17**       The Association has requested its attorney fees and costs on appeal.  Because it has not prevailed, we deny its request.  Bocchino has also requested her fees and costs pursuant to A.R.S. § 12-341.01.  In the exercise of our discretion, we decline to award Bocchino her attorney fees on appeal.  She may, however, recover her taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[4] We need not address the Association's argument that the issuance of the injunction was "conclusive" proof that Bocchino violated the Declaration. We note, however, that the Declaration was not attached to the petition and the justice court made no findings regarding Bocchino's conduct vis-à-vis the Declaration.  Also, we need not address whether the Association "prevailed" in obtaining, *ex parte*, the injunction.