NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

PAUL GUNDERSON, *Petitioner/Appellant*,

*v.*

DARYL GUNDERSON, *Respondent/Appellee*.

No. 1 CA-CV 17-0459 FC
FILED 6-28-2018

Appeal from the Superior Court in Maricopa County
No. FN2017-052424
The Honorable Brian S. Rees, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCE

Paul Gunderson, Phoenix
*Plaintiff/Appellant*

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

**M O R S E**, Judge:

**¶1**　　　　Petitioner/appellant Paul Gunderson contends the superior court erred in dismissing an order of protection prohibiting respondent/appellee Daryl Gunderson from contacting Paul or their mother, Elda Gunderson.  For the following reasons, we affirm.

**¶2**　　　　In April 2017, Paul petitioned for an order of protection against Daryl, alleging he was afraid of Daryl because Daryl starts fights with him and tries to get him in trouble and is a "vicious aggressive li[a]r." The superior court found reasonable cause to believe Daryl "may commit an act of domestic violence or has committed an act of domestic violence within the past year" and issued an order of protection directing that he have no contact with Paul or Elda and prohibiting him from going to or near Paul or Elda's residence.  Daryl requested a hearing, which the court held the following week.  After hearing testimony from Paul, Daryl, and Elda, the court found that Paul had not established by a preponderance of the evidence that Daryl had committed or might commit an act of domestic violence and quashed the order of protection.  Paul timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(b).

**¶3**　　　　Paul argues the superior court erred by quashing the order of protection because Daryl testified falsely at the hearing.  We review an order of protection for an abuse of discretion.  *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014).[1]  "We defer to the judge with respect to any factual findings explicitly or implicitly made, affirming them so long as they are supported by reasonable evidence."  *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 254, ¶ 10 (2003).

**¶4**　　　　A court shall issue an order of protection if it determines there is reasonable cause to believe that the defendant may commit an act of domestic violence or has committed an act of domestic violence within the preceding year.  A.R.S. § 13-3602(E).  The court may continue the protective order after a hearing if the plaintiff proves his or her case by a preponderance of the evidence.  A.R.S. § 13-3602(I); Ariz. R. Prot. Order P. 38(g).  Because Paul has not provided a transcript of the protective order

---

[1] Although we may regard Daryl's failure to file an answering brief as a confession of reversible error, *McDowell Mtn. Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007), in the exercise of our discretion, we choose to address the merits of the appeal.

hearing, we must presume the record supports the superior court's findings. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). Accordingly, we presume Paul failed to show by a preponderance of the evidence that Daryl might commit an act of domestic violence or had committed an act of domestic violence within the preceding year. Without a transcript of the proceeding, we cannot say the court abused its discretion in resolving credibility issues and quashing the order of protection. We therefore affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA