NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

*In re the Matter of:*

MARIE RIGHETTI, *Petitioner/Appellee,*

*v.*

ZACHARY JUARBE, *Respondent/Appellant.*

No. 1 CA-CV 18-0066 FC
FILED 10-11-2018

Appeal from the Superior Court in Maricopa County
No. FN2017-006006
The Honorable Roger L. Hartsell, Judge *Pro Tempore*

**AFFIRMED**

PARTIES

Zachary Juarbe, Peoria
*Respondent/Appellant*

Marie Righetti, Protected Address
*Petitioner/Appellee*

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge David D. Weinzweig joined.

**S W A N N**, Judge:

¶1            Zachary Juarbe contends the superior court erred by continuing an order of protection in favor of Marie Righetti.  For reasons that follow, we affirm.

¶2            Righetti petitioned for an order of protection against Juarbe, alleging he had repeatedly sent her harassing text and email messages.  The superior court found reasonable cause to believe Juarbe "may commit an act of domestic violence or has committed an act of domestic violence within the past year," and issued an order of protection directing that he have no contact with Righetti or her children and prohibiting him from going to or near Righetti's residence and workplace, or the children's school.

¶3            Juarbe requested a hearing, which the court held within two weeks.  After hearing testimony and receiving evidence, the court found good cause to continue the order of protection and directed that it remain in effect.  The court later denied Juarbe's request for a supplemental contested hearing.  Juarbe appeals.

¶4            Juarbe argues the superior court erred by continuing the order of protection because Righetti did not prove that Juarbe sent the allegedly harassing text and email messages.  In particular, he contends that the printed messages Righetti submitted to the court were not accompanied by any third-party authentication or other information establishing that Juarbe sent them.  Juarbe also argues Righetti did not prove "without any doubt" that she had a romantic relationship with him.  We review an order of protection for an abuse of discretion.  *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014).[1]

¶5            A court shall issue an order of protection if it determines there is reasonable cause to believe that the defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year.  A.R.S. § 13-3602(E).  The court may continue the protective order after a hearing if the plaintiff proves his or her case by a preponderance of the evidence.  A.R.S. § 13-3602(I); Ariz. R. Prot. Order P. 38(g).  Because Juarbe did not provide a transcript of the protective order hearing, we must

---

[1]            Although we may regard Righetti's failure to file an answering brief as a confession of reversible error, *McDowell Mtn. Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007), in the exercise of our discretion, we choose to address the merits of the appeal.

presume the record supports the superior court's findings. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). Accordingly, we assume Righetti presented credible evidence at the hearing that Juarbe might commit an act of domestic violence or had committed an act of domestic violence within the past year. Without a transcript of the proceeding, we cannot say the court abused its discretion by continuing the order of protection. We therefore affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA