NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ELIZABETH ARMENTA, *Petitioner/Appellant,*

*v.*

FRANCISCO G. ARMENTA, *Respondent/Appellee.*

LUDIVINA E. ACUNA, et al., *Intervenors/Appellees.*

No. 1 CA-CV 21-0355 FC
FILED 1-25-2022

Appeal from the Superior Court in Maricopa County
No.  FC2019-005299, FC2020-001972
The Honorable Kevin B. Wein, Judge

**AFFIRMED**

COUNSEL

Elizabeth Armenta, (Protected Address)
*Petitioner/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

**¶1** Elizabeth Armenta ("Mother") challenges the superior court's third-party visitation order. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** Mother and Francisco Armenta ("Father") are L.A.'s biological parents. Father is not a party to this appeal. Maternal grandparents Ludivina Acuna and Martin Cisneros (collectively "Grandparents") contacted the Department of Child Safety ("DCS") to report that Father abused L.A. DCS then filed a dependency petition in July 2018. Mother and Father divorced in December 2019. The superior court granted sole legal decision-making to Mother and supervised visitation to Father. That same month, the juvenile court dismissed the dependency.

**¶3** About three months later, Grandparents petitioned the superior court for visitation, claiming they had not seen L.A. since reporting Father's alleged abuse. Mother objected. After an evidentiary hearing, the court granted Grandparents' petition and ordered visitation on the third Saturday of each month.

**¶4** Mother timely appealed, and we have jurisdiction under A.R.S. 12-2101(A)(1).

## DISCUSSION

**¶5** Grandparents did not file an answering brief, which we may treat as a confession of error. *See McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007). We decline to do so.

**¶6** We will not disturb the superior court's visitation ruling absent an abuse of discretion. *See McGovern v. McGovern*, 201 Ariz. 172, 175, ¶ 6 (App. 2001). The court abuses its discretion by committing an error of law while reaching a discretionary conclusion. *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008). We defer to the court's findings of fact absent

clear error. *See* Ariz. R. Fam. Law P. 82(a)(5); *see also Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).

**¶7**        We affirm because Mother shows no error.

**¶8**        Mother had the duty to ensure this court received a complete record. *See* ARCAP 11(b). But she never filed a transcript of the evidentiary hearing on Grandparents' petition. We thus assume the transcript would support the court's ruling. *See Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005).

**¶9**        Beyond that, the superior court examined each statutory factor and made the necessary statutory findings in its detailed minute entry. *See* A.R.S. § 25-409(C)(3). The court found Grandparents requested visitation in good faith and did not intend to interfere with the parent-child relationship. It found Grandparents petitioned for visitation after Mother and Father had been divorced "for at least three months." *See id.* The court also determined that visitation was in L.A.'s best interest based on:

> 1. The historical relationship, if any, between
> the child and the person seeking visitation.
> 2. The motivation of the requesting party
> seeking visitation.
> 3. The motivation of the person objecting to
> visitation.
> 4. The quantity of visitation time requested and
> the potential adverse impact that visitation will
> have on the child's customary activities.

A.R.S. § 25-409(E). The court also afforded "special weight to [Mother's] opinion of what serves [her] child's best interests" in reviewing these factors. *See* A.R.S. § 25-409(C), (E). And last, the court heard but rejected Mother's accusations against Grandparents.

**¶10**        Mother also argues that Grandparents did not introduce a police report that would have favored her position, but Mother could have introduced the report herself. And Mother's contention that Grandparents improperly failed to include an affidavit of financial information lacks merit: such affidavits need only be filed when child support, spousal maintenance, or attorneys' fees are at issue. *See* Ariz. R. Fam. Law P. 76.1(g)(1)(b).

## CONCLUSION

¶11        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA