NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ANTHEM PARKSIDE COMMUNITY ASSOCIATION, INC.,
*Plaintiff/Appellant*,

*v.*

ANNA CHABROWSKI, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0630
FILED 8-15-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2020-009624
The Honorable Bradley H. Astrowsky, Judge

**REMANDED**

---

COUNSEL

Carpenter, Hazlewood, Delgado & Bolen, LLP, Tempe
By Kellie J. Callahan, Katherine J. Merolo
*Counsel for Plaintiff/Appellant*

Anna Chabrowski, Derek Chabrowski, Anthem
*Defendants/Appellees*

_____

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Michael S. Catlett joined.

_____

**C R U Z**, Judge:

**¶1**        Anthem Parkside Community Association, Inc. ("Anthem") appeals the superior court's order denying it attorneys' fees after granting it injunctive relief against Anna and Derek Chabrowski (collectively "Chabrowski"). For the following reasons, we remand to the superior court for an award of attorneys' fees.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Chabrowski owned a home in Anthem Parkside, a planned community. Owners of lots within the planned community are subject to recorded deed restrictions, including a Declaration of Covenants, Conditions and Restrictions for Anthem Parkside ("Declaration") and the Anthem Parkside Community Association Residential Design Guidelines ("Guidelines"). In 2017, Anthem observed that the exterior paint on Chabrowski's home had fallen into disrepair in violation of the Declaration and needed to be repainted. It sent Chabrowski multiple letters regarding the condition of the paint, but they failed to repaint the home. In 2020, Anthem filed suit against Chabrowski in superior court seeking injunctive relief.

**¶3**        In December 2021, Anthem moved for summary judgment. It sought its attorneys' fees and costs incurred under the Declaration and Arizona Revised Statutes ("A.R.S.") section 12-341.01. The superior court granted the motion for summary judgment. It granted Anthem injunctive relief and ordered Chabrowski to repaint the home within forty-five days. It awarded Anthem, as the "successful party," costs in the amount of $630.44. Without explanation, it awarded Anthem no attorneys' fees.

**¶4**        Anthem moved for reconsideration of the denial of an award of attorneys' fees. The court did not rule on the motion, but later entered a final judgment under Arizona Rule of Civil Procedure 54(c). Anthem timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶5**　　　On appeal, Anthem argues the superior court erred as a matter of law by declining to award attorneys' fees to it pursuant to the Declaration. We review de novo the superior court's interpretation of a fee provision. *Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 133, ¶ 31 (App. 2012).

**¶6**　　　A contractual provision for attorneys' fees will be enforced according to its terms. *Heritage Heights Home Owners Ass'n v. Esser*, 115 Ariz. 330, 333 (App. 1977). "CC & Rs constitute a contract between the subdivision's property owners as a whole and individual lot owners." *Ahwatukee Custom Ests. Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000). Unlike attorneys' fees awarded under A.R.S. § 12-341.01(A), which are permissive, the superior court lacks discretion to refuse to award fees under a contractual provision. *McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269, ¶ 14 (App. 2007); A.R.S. § 12-341.01(A) ("This section shall not be construed as altering, prohibiting or restricting present or future contracts . . . that may provide for attorney fees.").

**¶7**　　　Declaration Article XIV section 14.7 provides:

Attorneys' Fees

In the event of an action instituted to enforce any of the provisions contained in the Governing Documents, the party prevailing in such action shall be entitled to recover from the other party thereto as part of the judgment, reasonable attorneys' fees and costs, including administrative and lien fees, of such suit.

Here, the superior court granted Anthem's motion for summary judgment and ordered Chabrowski to repaint the home. The court specifically found Anthem was the "successful party." It was therefore obligated to assess attorneys' fees and costs in favor of Anthem as the prevailing party pursuant to the contractual Declaration. Accordingly, we remand to the superior court for a determination of Anthem's reasonable attorneys' fees upon its submission of an application for attorneys' fees.

**¶8**　　　Anthem requests attorneys' fees and costs on appeal pursuant to Article XIV, Section 14.7 of the Declaration. Because it is the prevailing party, we award Anthem its costs and reasonable attorneys' fees upon compliance with ARCAP 21.

**CONCLUSION**

**¶9** For the foregoing reasons, we remand to the superior court for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA