NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ANGEL NUNEZ, *Petitioner/Appellee*,

*v.*

LEILA GALAVIZ FLORES, *Respondent/Appellant*.

No. 1 CA-CV 25-0602 FC

FILED 03-25-2026

Appeal from the Superior Court in Maricopa County
No.   FN2025-091964
The Honorable Lisa C. Boddington, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Angel Nunez, Mesa
*Petitioner/Appellee*

Leila Galaviz Flores, Mesa
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

**J A C O B S**, Judge:

**¶1**          Leila Galaviz Flores appeals the superior court's order continuing an order of protection in favor of Angel Nunez. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**          Nunez petitioned for an order of protection against Flores, alleging that she had physically assaulted him in their home. The superior court found reasonable cause to believe that Flores "may commit an act of domestic violence or has committed an act of domestic violence within the past year" and issued an order of protection directing that Flores have no contact with Nunez or his child and prohibiting her from going to or near Nunez's residence and workplace or the child's school.

**¶3**          Flores requested a hearing, after which the court found reasonable cause to leave the order of protection in effect.

**¶4**          Flores timely appealed. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. § 12-2101(A)(5)(b).

## DISCUSSION

**¶5**          Flores argues the superior court erred by continuing the order of protection because Nunez's accusations were false and made solely for the purpose of removing her from their joint residence.[1] Nunez filed no answering brief. We review the court's decision to continue an order of protection after a hearing for an abuse of discretion. *Flynn v. Flynn*, 257 Ariz. 1, 3 ¶ 7 (App. 2024).

**¶6**          Although we sometimes treat the failure to file an answering brief as a confession of reversible error, *McDowell Mtn. Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269 ¶ 13 (App. 2007), we do not do so here, because Flores raises no debatable issues. *See Carter v. State ex rel. Eyman*, 5 Ariz. App. 415, 415 (1967) ("[T]he failure to file an answering brief does not constitute a confession of reversible error since no debatable issue is presented.").

---

[1] We do not consider the documents attached to Flores's opening brief that are not part of the superior court record. *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4-5 (App. 1990).

¶7        A court must issue an order of protection if it determines there is reasonable cause to believe that the defendant has committed an act of domestic violence within the past year.  A.R.S. § 13-3602(E)(2).  The court may continue the protective order after a hearing if the plaintiff proves their case by a preponderance of the evidence.  *Id.* § 13-3602(L); Ariz. R. Prot. Order P. 38(g)(3).  Because Flores did not provide us with a transcript of the protective order hearing, we must presume that the record supports the superior court's findings. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).  More specifically, we must presume Nunez presented credible evidence at the hearing that Flores had committed an act of domestic violence within the past year.  Accordingly, we cannot say the court abused its discretion by continuing the order of protection.

## CONCLUSION

¶8        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR