IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of
REBECCA SAVORD, *Plaintiff/Appellee*,

*v.*

DANIEL F. MORTON, *Defendant/Appellant*.

No. 1 CA-CV 13-0305
FILED 07-24-2014

Appeal from the Superior Court in Maricopa County
No. FN2013-051283
The Honorable Julie P. Newell, Commissioner

**VACATED**

COUNSEL

Sacks Tierney, PA, Scottsdale
By David L. Rose, Ellen K. Aiken
*Counsel for Defendant/Appellant*

# O P I N I O N

Presiding Judge Patricia A. Orozco delivered the opinion of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**O R O Z C O**, Judge:

¶1        Appellant Daniel F. Morton (Father) appeals the trial court's order granting and affirming an order of protection and the Notice to Sheriff of Positive Brady Indicator (the Notice of PBI)[1] in favor of Appellee Rebecca Savord (Mother) and their daughter O.S. (Child).  For the reasons stated below, we vacate the trial court's decision and quash the order affirming the order of protection and the Notice of PBI.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Father are Child's biological parents.  Pursuant to a paternity order, the parties share joint legal decision-making authority and shared parenting time.

¶3        In early 2013, Mother filed a petition for an order of protection alleging Child reported she was being sexually abused by her fourteen-year-old step-brother (Step-brother).  Mother's sole complaint of Father was that he was aware of the alleged abuse and failed to report it.  Mother's Petition did not include any allegations that she felt harassed or intimidated by Father.

¶4        At an ex parte hearing to secure an order of protection, Mother explained her concerns and stated that the reason for her request was to protect Child.  At no time during the hearing did Mother indicate that she felt threatened or harassed by Father.

¶5        Finding reasonable cause existed to believe an act of domestic violence occurred or might occur in the future, the trial court granted an order of protection prohibiting Father and Step-brother[2] from any contact with Child and severely limited Father's contact with Mother.  The court also issued the Notice of PBI, which barred Father from purchasing, receiving or possessing a firearm or ammunition and required him to surrender any firearms or ammunition in his possession.

---

[1]        *See* 18 U.S.C. § 922(g)(8)(c)(i)-(ii) (2012).

[2]        Arizona Revised Statutes (A.R.S.) section 13-3602.B.2 (Supp. 2013) does not allow a court to grant an order of protection against a person less than twelve years of age.  In this case Step-brother was fourteen years of age.

¶6         After being served with the order of protection, Father requested a hearing.  At the hearing, Mother's counsel asked Mother if she felt harassed, intimidated, or bothered by Father.  Father timely objected and the court overruled the objection.  The court stated that inquiry into Father's relationship with Mother was an "appropriate extension" of the order of protection since Mother was the named plaintiff.  Mother testified that Father had intimidated and harassed her.  Specifically, Mother described an incident where Father attempted to pick up Child for visitation, even though Mother had previously advised Father she had plans with Child.  In spite of this, Mother stated Father showed up at her home, called her several times, sent her several text messages, and called her parents threatening to call the police.

¶7         At the conclusion of the contested hearing, the court found that insufficient evidence was presented regarding the sexual abuse allegations.  However, the court found reasonable cause existed to believe that aggressive behavior had taken place between Child and Step-brother.  The court also explained that, based on the evidence, Father was aware of Step-brother's aggressive behavior and had failed to protect Child.  Based on these findings, the court affirmed the order of protection in favor of Child and Mother, including the Notice of PBI.

¶8         Father timely appealed.[3]  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-2101.A.1 (2003), -2101.A.5(b) (Supp. 2013), and Rule 9.B.2 of the Arizona Rules of Protective Order Procedure.

## DISCUSSION

¶9         On appeal, Father argues the court erred by granting the order of protection, affirming the order of protection after the hearing, and affirming the Notice of PBI.  Mother has not filed an answering brief. When debatable issues exist and an appellee fails to file an answering brief, we may consider such failure a confession of reversible error.  *See United Bonding Ins. Co. v. Thomas J. Grosso Inv., Inc.*, 4 Ariz. App. 285, 285, 419 P.2d 546, 546 (1966).  However, we are not required to do so, and we address the substance of Father's appeal in the exercise of our discretion. *See Nydam v. Crawford*, 181 Ariz. 101, 101, 887 P.2d 631, 631 (App. 1994).

---

3         Father does not contest the portion of the order of protection prohibiting Step-brother from having  contact with Child.

I.      Ex Parte Issuing of the Order of Protection

**¶10**          We review an order of protection for an abuse of discretion. *See Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶¶ 15-16, 277 P.3d 811, 816 (App. 2012).  A trial court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision."  *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14, 287 P.3d 824, 828 (App. 2012) (internal quotation marks omitted).

**¶11**          It is well settled that the issuance of an order of protection is a very serious matter.  *See, e.g.*, *Cardoso*, 230 Ariz. at 619, ¶ 14, 277 P.3d at 816.  Once issued, an order of protection carries with it an array of "collateral legal and reputational consequences" that last beyond the order's expiration.  *Id.*  Therefore, granting an order of protection when the allegations fail to include a statutorily enumerated offense constitutes error by the court.  *See* A.R.S. § 13-3601 (Supp. 2013) (listing offenses that justify issuance of an order of protection).

**¶12**          Section 13-3601 lists several enumerated offenses that constitute domestic violence.  Father argues Mother's petition failed to meet the threshold requirements of § 13-3601 because there were no allegations that Father committed any acts of domestic violence against Mother or Child.  Therefore, Father contends the court erred in granting the order of protection against him.  We agree.

**¶13**          In this case, Mother's petition alleged her concern that Step-brother was sexually abusing Child while Child was under Father's supervision, and Father neglected to report the abuse.  Mother also noted her belief that Father would interfere with a police investigation.  None of the allegations, however, are recognized offenses for which a court may grant an order of protection against Father.

**¶14**          At the ex parte hearing, Mother reiterated her concerns about Child's relationship with Step-brother, but Mother made no allegations against Father at any point in the hearing.  Nevertheless, the court issued an order of protection against Father in favor of Mother and Child.  Thus, we find the court erred when it issued the order of protection against Father in favor of Mother and Child because Mother's petition did not allege any of the recognized offenses in § 13-3601.

II.  Contested Hearing Affirming the Order of Protection

¶15  Rule 8.D of the Arizona Rules of Protective Order Procedure provides that, in a contested hearing on an order for protection:  "The judicial officer shall ensure that both parties have an opportunity to be heard, to present evidence and to call and examine and cross examine witnesses."

¶16  In permitting Mother to testify as to matters outside of the Petition, the court deprived Father of due process.  Due process protections provided under the Fourteenth Amendment of the United States Constitution and Article 2, Section 4, of the Arizona Constitution, guarantee that Father receive notice, reasonably calculated to apprise him of the action in order to adequately prepare his opposition. *See Armstrong v. Manzo*, 380 U.S. 545, 550 (1965) ("[F]ailure to give the petitioner notice of the pending . . . proceedings violated the most rudimentary demands of due process of law.").  "We review due process claims de novo." *See Mack v. Cruikshank*, 196 Ariz. 541, 544, ¶ 6, 2 P.3d 100, 103 (App. 1999).

¶17  At the contested hearing, Mother's counsel asked her whether Father's conduct had ever made her feel harassed, intimidated or bothered.  Father objected, but the court overruled his objection.  In doing so, the court forced Father to defend against Mother's allegations of harassment without sufficient notice to adequately prepare a defense.  The better practice would be to sustain the objection and thereby limit the scope of the hearing to the allegations of the petition, or to allow Mother to amend her petition and reschedule the hearing, thereby giving Father the opportunity to appropriately prepare for the new allegations.

¶18  We find the court erred in allowing Mother to testify about matters outside of the Petition. Therefore, the order of protection against Father in favor of Mother should not have been affirmed after the contested order of protection hearing.  Accordingly, we quash the order of protection.

III.  Brady Notice

¶19  Father argues the trial court erred in issuing the Notice of PBI because he did not pose a credible threat of harm to Mother.  We agree that no evidence was presented supporting a finding Father posed such a threat.

¶20  Upon issuing an order of protection, a court may prohibit the possession of firearms if it finds the defendant poses a credible threat

to the physical safety of the plaintiff or another specifically designated person. *See* A.R.S. § 13-3602.G.4 (Supp. 2013); *see also Mahar*, 230 Ariz. at 534, ¶ 15, 287 P.3d at 828. A higher standard of review applies when a court's order implicates a defendant's right to possess firearms under the Second Amendment to the United States Constitution or under Article 2, Section 26, of the Arizona Constitution. *See id.* A firearm restriction under the federal Gun Control Act is triggered by an order of protection "only if the order 'includes a finding that [the] person represents a credible threat to the physical safety of [the] intimate partner or child.'" *Id.*; *see also* 18 U.S.C. § 922(g)(8)(C)(ii). We "review the application of Arizona and federal law to the facts de novo." *Mahar*, 230 Ariz. at 534, ¶ 14, 287 P.3d at 828 (emphasis omitted).

¶21 Rule 6.C.5.d(1) of the Rules of Procedure for Issuing Protective Orders requires the court to "ask the plaintiff about the defendant's use of or access to weapons or firearms. This inquiry shall be made to determine if the defendant poses a credible threat to the physical safety of the plaintiff or other protected persons."

¶22 In this case, the court made no inquiry as to Father's use of or access to weapons or firearms. "[O]rders concerning firearms should be based on a court's assessment of credible threats of physical harm by the specific person whose rights should be affected by the order." *Mahar*, 230 Ariz. at 536, ¶ 20, 287 P.3d at 830. A restriction against firearms does not automatically follow an order of protection. *See id.* at 535, ¶ 19, 287 P.3d at 829.

¶23 Considering the lack of evidence supporting the Notice of PBI and the absence of the appropriate inquiries in that regard, Father is entitled to have the PBI quashed.

**CONCLUSION**

**¶24** For the above mentioned reasons, we vacate the trial court's decision and quash the order affirming the order of protection and Notice of PBI against Father.



Ruth A. Willingham · Clerk of the Court
FILED: gsh