NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

In re the Matter of:

CASEY DION LEONE, *Plaintiff/Appellee,*

*v.*

PERRY TAYLOR, *Defendant/Appellant.*

No. 1 CA-CV 15-0770 FC
FILED 6-23-2016

---

Appeal from the Superior Court in Maricopa County
No.  FN2015-094291
The Honorable Terri L. Clarke, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Casey Dion Leone, Chandler
*Plaintiff/Appellee*

Perry Taylor, Maricopa
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Chief Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1        Defendant/appellant Perry Taylor appeals from the grant of an order of protection, arguing the superior court erred in granting and affirming the order prohibiting him from any contact with his girlfriend's children N.T. and M.T. Because Taylor has shown no error, the order of protection is affirmed.

¶2        In October 2015, plaintiff/appellee Casey Leone, father of N.T. and M.T., petitioned for an order of protection against Taylor, alleging he had committed acts of domestic violence against N.T. and M.T. and threatened harm to Leone. The court found reasonable cause to believe Taylor "may commit an act of domestic violence or has committed an act of domestic violence within the past year" and issued an order of protection directing that Taylor have no contact with N.T. or M.T. Taylor requested a hearing, which the court held the following week. After hearing testimony from both parties and their witnesses, the court found good cause to continue the order of protection and directed that it remain in effect. From Taylor's timely appeal, this court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(5)(b) (2016).[1]

¶3        Taylor argues the superior court erred by issuing and then affirming the order of protection because it was based on Leone's false allegations and against the weight of the evidence. This court reviews an order of protection for an abuse of discretion. *Savord v. Morton*, 235 Ariz. 256, 259 ¶ 10 (App. 2014).

¶4        By statute, a court is directed to issue an order of protection if it determines there is reasonable cause to believe that the defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year. A.R.S. § 13-03602(E)(2). The court may

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

continue the protective order after a hearing if the plaintiff proves his or her case by a preponderance of the evidence. A.R.S. § 13-3602(I); Ariz. R. Prot. Order P. 38(g). Because Taylor has not provided a transcript of the protective order hearing, this court must presume the record supports the superior court's findings. *Baker v. Baker*, 183 Ariz. 70, 73 (1995). Accordingly, given the findings, this court assumes Leone presented credible evidence that Taylor might commit an act of domestic violence or had committed an act of domestic violence within the past year. Without a transcript of the proceeding, Taylor has not shown the court abused its discretion by granting and continuing the order of protection.

¶5        Because Taylor has shown no error, the order of protection is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: AA