NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WENDY SCHNEIDER FISHER, *Petitioner/Appellee,*

*v.*

KYLE THANIEL FISHER, *Respondent/Appellant.*

No. 1 CA-CV 16-0454 FC
FILED 6-15-2017

Appeal from the Superior Court in Yavapai County
No. V1300DO201580241
The Honorable Jeffrey G. Paupore, Judge *Pro Tempore*

**VACATED**

COUNSEL

Jeffrey M. Zurbriggen, P.C., Phoenix
By Jeffrey M. Zurbriggen
*Counsel for Petitioner/Appellee*

Jonathan D. Conant, Attorney At Law, PLLC, Prescott
By Jonathan D. Conant
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1 Kyle Thaniel Fisher ("Father") appeals the superior court's order affirming an order of protection filed by Wendy Schneider Fisher ("Mother") on behalf of the parties' minor daughter ("S.F.") and notice of positive Brady indicators ("Notice of PBI"). For the following reasons, we vacate the order of protection and Notice of PBI, and quash the order affirming the order of protection and Notice of PBI against Father.

## FACTS AND PROCEDURAL HISTORY

¶2 The parties, who are married and engaged in a protracted and contentious dissolution proceeding, have two children in common, a minor son ("T.F."), born in 2000, and S.F., born in 2002. Pursuant to temporary orders issued in 2015 and subsequent events, T.F. lives primarily with Father, and S.F. lives primarily with Mother, although each parent is granted parenting time with the other child.

¶3 On April 20, 2016, Mother sought an order of protection on behalf of S.F. against Father. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-3602(A) (Supp. 2016). Mother alleged that in approximately November 2015, T.F. had burned S.F.'s arm with a lighter; in February 2016, Father had threatened to remove S.F.'s bedroom door from its hinges because S.F. refused to join the family for dinner; and in March 2016, T.F. had pointed a gun at S.F. in Father's presence. The court signed the order of protection the same day. Pursuant to A.R.S. § 13-3602(G)(4),[1] the court included in the order a Notice of PBI, finding that Father posed a "credible threat" to S.F.'s safety; prohibiting Father from purchasing, receiving, or possessing firearms or ammunition; and requiring that Father surrender any such items to the Yavapai County Sheriff's Office. After being served with the order, Father requested a hearing, which the court set for May 16, 2016.

¶4 Mother and Father testified at the May 16, 2016 hearing. Relying solely on the March 2016 gun incident, the superior court affirmed the order of protection and Notice of PBI.

¶5 The superior court denied Father's motion for reconsideration, and we have jurisdiction over Father's timely notice of

---

[1] *See also* 18 U.S.C. § 922(g)(8)(C)(i) (West 2017).

appeal.[2] *See* A.R.S. § 12-2101(A)(5)(b) (2016); Ariz. R. Prot. Order P. 42(a)(2), (b)(2); *Mahar v. Acuna*, 230 Ariz. 530, 533-34, ¶¶ 11-12, 287 P.3d 824, 827-28 (App. 2012).[3]

## ANALYSIS

¶6　　　　Father argues that the superior court abused its discretion in granting and affirming the order of protection and Notice of PBI.

¶7　　　　We review the superior court's order of protection for an abuse of discretion. *Cardoso*, 230 Ariz. at 619, ¶ 16, 277 P.3d at 816; *cf. LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 10, 56 P.3d 56, 59 (App. 2002) (stating that this court reviews an injunction against harassment for an abuse of discretion). The superior court abuses its discretion "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Mahar*, 230 Ariz. at 534, ¶ 14, 287 P.3d at 828 (citations omitted).

¶8　　　　"[G]ranting an order of protection when the allegations fail to include a statutorily enumerated offense constitutes error by the court." *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 11, 330 P.3d 1013, 1016 (App. 2014); *see also* A.R.S. § 13–3601(A) (Supp. 2016) (listing offenses that may constitute domestic violence and justify the issuance of an order of protection).

¶9　　　　In seeking the order of protection, Mother relied on three events: two (the November 2015 arm incident and the March 2016 gun incident) involved solely the alleged actions of T.F., and not Father. Those allegations failed to meet the threshold requirements of § 13–3601 because they were not allegations that Father committed acts of domestic violence against S.F. *See Savord*, 235 Ariz. at 259, ¶¶ 12-13, 330 P.3d at 1016. The third event (the February 2016 door incident) involved Father, but based on

---

2　　　　An order of protection expires one year after service on the defendant. A.R.S. § 13-3602(K). Accordingly, the order of protection served on Father in April 2016 has expired. However, because an order of protection carries with it "significant collateral legal and reputational consequences" that last beyond the order's expiration, the expiration of the court's order does not render Father's appeal moot. *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 14, 277 P.3d 811, 816 (App. 2012).

3　　　　On April 18, 2017, Mother petitioned for a renewed order of protection. By that time, the parties' family law case had been transferred to a different judge, who denied Mother's renewed petition on May 4, 2017.

the facts presented, was not a recognized offense for which a court may grant an order of protection against Father. *See id.* Although we understand the superior court's concern in erring on the side of caution, absent more, the court erred in granting and affirming the order of protection against Father on this ground.

¶10        For these same reasons, Father is correct in arguing the superior court erred in issuing the Notice of PBI because he did not pose a credible threat of harm to S.F. *See id.* at 260, ¶ 20, 330 P.3d at 1017 (imposing a higher standard, a "credible threat" to specifically designated persons, when a Notice of PBI is requested (citing *Mahar*, 230 Ariz. at 534, ¶ 15, 287 P.3d at 828)). We review *de novo* the application of Arizona and federal law to the facts. *Mahar*, 230 Ariz. at 534, ¶ 14, 287 P.3d at 828 (citation omitted).

¶11        We agree with Father that no evidence was presented that could support finding he posed a credible threat of harm to S.F. Considering the lack of evidence supporting both the order of protection and the Notice of PBI, Father is entitled to have the Notice of PBI quashed.

¶12        Both parties request attorneys' fees on appeal. After considering the factors enumerated in Rule 39, Ariz. R. Prot. Order P., we award Father a reasonable amount of attorneys' fees on appeal, as well as his taxable costs, upon compliance with Rule 21, ARCAP.

## CONCLUSION

¶13        For the aforementioned reasons, we vacate the order of protection and Notice of PBI, and quash the order affirming the order of protection and Notice of PBI against Father.



AMY M. WOOD • Clerk of the Court
FILED: AA

4