NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

JANET A. FORDYCE, *Plaintiff/Appellee,*

*v.*

PAUL M. NELSON, *Defendant/Appellant*

No. 1 CA-CV 18-0042 FC
FILED 6-5-2018

Appeal from the Superior Court in Maricopa County
No.  FN2017-053807
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Janet Fordyce, Windsor, CO
*Plaintiff/Appellee*

Paul M. Nelson, Overgaard
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge David D. Weinzweig joined.

---

**J O H N S E N**, Judge:

**¶1** Paul M. Nelson appeals the superior court's entry and continuance of an order of protection in favor of Janet A. Fordyce. For the following reasons, we affirm.

**¶2** In December 2017, Fordyce petitioned for an order of protection against Nelson, alleging he had threatened to harm her. The superior court found reasonable cause to believe Nelson "may commit an act of domestic violence or has committed an act of domestic violence within the past year" and issued an order of protection directing that he have no contact with Fordyce and prohibiting him from going to or near her residence. Nelson requested a hearing, which the court held within two weeks.[1] After hearing testimony from both parties, the court found good cause to continue the order of protection and directed that it remain in effect. Nelson timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(b) (2018).[2]

**¶3** Nelson argues the superior court erred by issuing and later continuing the order of protection because it was based on Fordyce's false allegations of domestic violence.[3] "We review an order of protection for an abuse of discretion." *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014).

---

[1] Before the hearing, Fordyce requested an amended order of protection. The court stated it would consider Fordyce's amended petition at the hearing, and later denied it.

[2] Absent material revision after the relevant date, we cite the current version of a statute or rule.

[3] Nelson also asserts that the superior court commissioner was biased and conducted unfair proceedings that did not comply with the applicable

**¶4** A court shall issue an order of protection if it finds reasonable cause to believe that the defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year. A.R.S. § 13-3602(E) (2018). The court may continue the protective order after a hearing if the plaintiff proves his or her case by a preponderance of the evidence. A.R.S. § 13-3602(I); Ariz. R. Prot. Order P. 38(g). Because Nelson has not provided this court a transcript of the protective order hearing, we must presume the record supports the superior court's findings. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). Accordingly, we assume Fordyce presented credible evidence at the hearing that Nelson might commit an act of domestic violence or had committed an act of domestic violence within the past year. Without a transcript of the proceeding, we cannot say the court abused its discretion by granting and continuing the order of protection. We therefore affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

statutes or rules. Because Nelson does not develop this argument, we will not consider it. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("opening briefs must present significant arguments, supported by authority"; failure to properly argue a claim constitutes abandonment and waiver).