NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

VANESSA PEREIDA,
*Plaintiff/Appellee*,

v.

GUADALUPE VILLANUEVA,
*Defendant/Appellant*.

No. 1 CA-CV 19-0807

FILED 10-8-2020

Appeal from the Superior Court in Maricopa County
No. FC2019-008140
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Ashley Donovan Law, PLLC, Tempe
By Ashley Donovan
*Counsel for Plaintiff/Appellee*

Barber Law Group, PLLC, Phoenix
By Bretton Hollis Barber
*Counsel for Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

_____

**M O R S E**, Judge:

¶1          Guadalupe Villanueva ("Father") appeals the superior court's order continuing an order of protection that prohibits him from contacting his children.  Because Father has waived this argument, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          On September 30, 2019, Vanessa Pereida ("Mother") filed a petition for an order of protection against Father, alleging Father physically abused their minor children, A.V. and J.V.  The superior court held an ex parte hearing and issued an order of protection listing Mother, A.V., and J.V. as protected persons.  The order of protection provided that Father "shall have no contact with [A.V. or J.V.], except through attorneys, legal process, [or] court hearings."  After Father requested a hearing to challenge the protective order, *see* Ariz. R. Prot. Order P. 38(a), the court held a contested hearing.

¶3          At the hearing, Mother testified that A.V. had bruises, J.V. had bitemarks on his skin, and both children told her Father intentionally caused these injuries.  Father denied the allegations and told the court that A.V.'s bruises occurred when A.V. tripped and fell out of Father's truck.

¶4          At the conclusion of the hearing, the superior court said:

> At this stage, the Court is required to review and consider all of the evidence in this matter and part of [the Court's] responsibility is to see if the evidence substantiates, proves by a preponderance of the evidence the allegations of an [act of] domestic violence that involved the children and requires the Court to uphold the prior order.

¶5          The court further explained that it had "some real concerns about the testimony that was presented" and expressed skepticism that A.V.'s injuries could have occurred in the manner described by Father.  Due to this, and "the quality and quantity of the information" available, the

superior court affirmed the order of protection. In its minute entry regarding the hearing, the superior court found that there was reasonable cause to believe Father had "committed an act of domestic violence within the last year" and that "good cause exist[ed] to continue the Order of Protection[.]" In accordance with its ruling, the superior court entered a separate order continuing the order of protection.

¶6        Father timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1), (5)(b), and Ariz. R. Prot. Order P. 42(B)(2).

## DISCUSSION

¶7        We review the issuance of an order of protection for an abuse of discretion. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014). "A trial court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or 'when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision.'" *Id.* (quoting *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012)). We review the interpretation of rules de novo. *Gonzalez v. Nguyen*, 243 Ariz. 531, 533, ¶ 8 (2018).

¶8        Father argues that the superior court erred because it failed to consider and make express findings of fact under Arizona Rule of Protective Order Procedure ("Rule") 35(b). But Father never raised this argument to the superior court. With few exceptions, "an appellate court will not consider issues not raised in the trial court." *Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 503 (1987). Accordingly, this argument is waived, and we affirm the superior court.[1]

¶9        Nevertheless, we note several recent cases in which trial courts have failed to properly apply Rule 35(b). *See Amrhein v. McClellan*, 2 CA-CV 2019-0128, 2020 WL 4931690 (Ariz. App. Aug. 21, 2020) (mem. decision); *Savoca v. Savoca*, 1 CA-CV 18-0366 FC, 2019 WL 664479 (Ariz. App. Feb. 19, 2019) (mem. decision); *Maschue v. Warren*, 1 CA-CV 17-0141 FC, 2018 WL 618584 (Ariz. App. Jan. 30, 2018) (mem. decision). In each of

---

[1]        Separately, we note that Mother's petition did not allege that Father had taken any action against her and the record does not include any evidence to support the order of protection as to her. Father did not raise this issue on appeal, and we therefore find any argument on this point waived as well. *See Dawson v. Withycombe*, 216 Ariz. 84, 100, ¶ 40 n.11 (App. 2007) (finding an issue waived because it was not raised in the opening brief).

these cases, the superior court failed to consider the Rule 35(b) factors and this Court vacated or remanded the court's order of protection. *See Amrhein*, 2020 WL 4931690 at *3, ¶ 15; *Savoca*, 2019 WL 664479 at *2, ¶¶ 9-10; *Maschue*, 2018 WL 6185841 at *1-2, ¶¶ 6-7.

¶10        "Parents possess a fundamental liberty interest in the care, custody, and management of their children." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005). Orders of protection that interfere with the parental relationship must comport with due process of law. *Savord*, 235 Ariz. at 259-60, ¶¶ 16-18. Rule 5(b)(1) provides that an order of protection may not list a defendant's child as a protected person unless "there is reasonable cause to believe (A) physical harm may result or has resulted to the child, or (B) the alleged acts of domestic violence involved the child." Additionally, before a court may grant a protective order "prohibiting contact with a child with whom the defendant has a legal relationship, the judicial officer <u>must consider</u>: (1) whether the child may be harmed if the defendant is permitted to maintain contact with the child, and (2) whether the child may be endangered if there is contact outside the presence of the plaintiff." Ariz. R. Prot. Order P. 35(b) (emphasis added). The Rules are not optional, and a court's failure to apply the proper standards risks improperly depriving parents of a fundamental liberty interest. *Kent K.*, 210 Ariz. at 284, ¶ 24. Though waived here, we urge courts to take note of the mandatory nature of the Rule 35(b) factors.

## CONCLUSION

¶11        Because Father has waived his argument, we affirm the superior court's order continuing the order of protection.



AMY M. WOOD • Clerk of the Court
FILED:    AA