NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DANICA KITCHEL, *Petitioner/Appellant,*

*v.*

JASON KITCHEL, *Respondent/Appellee.*

No. 1 CA-CV 21-0202 FC
FILED 11-30-2021

Appeal from the Superior Court in Mohave County
No. L8015PO202107009
The Honorable Kenneth Gregory, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Offices of Heather C. Wellborn, P.C., Lake Havasu City
By Heather C. Wellborn, Alyssa N. Oubre
*Counsel for Petitioner/Appellant*

Jason Kitchel, Lake Havasu City
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer M. Perkins joined.

---

**C R U Z**, Judge:

¶1             Danica Kitchel ("Wife") appeals the superior court's dismissal of her order of protection against Jason Kitchel ("Husband"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2             Husband and Wife each filed for dissolution of their twenty-six-year marriage. Shortly after, Wife petitioned for an order of protection alleging Husband had physically and emotionally abused her throughout the marriage.

¶3             After an ex parte hearing the superior court granted the order of protection, prohibiting Husband from contacting Wife.

¶4             After Husband was served with the order of protection, he requested a hearing and denied the allegations. Both Wife and Husband testified at the hearing, after which the superior court found Wife failed to meet her burden of proof and dismissed the order of protection.

¶5             Wife timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1), (5)(b).

## DISCUSSION

¶6             We review the superior court's dismissal of an order of protection for an abuse of discretion. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014). The superior court abuses its discretion when it commits an error of law or "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012) (citation and internal quotation marks omitted).

¶7             For a contested order of protection to remain in effect, the plaintiff must prove by a preponderance of the evidence that "[t]he

defendant may commit an act of domestic violence" or "has committed an act of domestic violence within the past year or within a longer period of time if the court finds that good cause exists to consider a longer period." A.R.S. § 13-3602(E)(1), (2); Ariz. R. Protective Order P. 38(f)(3).

¶8 Wife argues the court erred by dismissing the order because she presented sufficient evidence that Husband abused her. Wife testified to acts of alleged abuse that spanned over ten years, but alleged only one act that occurred within 12 months of the petition's filing. And while she provided two letters to support her allegations, neither author testified nor was subject to cross-examination. Wife submitted photos of injuries allegedly caused by Husband, but the court found they did not clearly show injury, and even Wife's own attorney repeatedly stated "admittedly, these pictures are difficult to do justice." The court also found Wife did not admit any police reports or medical records to corroborate her abuse allegations. Ultimately, the court found Husband's testimony credible and stated that "the lack of testifying witnesses and the timing of the request, on the heels of a divorce filing and immediately after [Wife's] discovery of [Husband's] infidelity, lead the Court to find that [Wife] has not met her burden of proof."

¶9 Wife is essentially asking us to reweigh the evidence, but we do not reweigh the evidence or make credibility determinations on appeal, nor do we redetermine the preponderance of the evidence. *Clark v. Kreamer*, 243 Ariz. 272, 276, ¶ 14 (App. 2017); *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). Because the superior court is in the best position to determine witness credibility and resolve conflicts in the evidence, we generally defer to its findings. *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 17 (App. 2012). Wife has not demonstrated the superior court abused its discretion.

¶10 Wife also argues the superior court deprived her of due process by allowing Husband to testify and present evidence of facts outside the scope of the allegations in her petition. We review de novo due process claims. *Savord*, 235 Ariz. at 260, ¶ 16.

¶11 Under the rules of protective order procedure, the scope of the contested hearing is limited to the allegations of the petition. Ariz. R. Protective Order P. 36(a). Wife claims Husband testified to matters outside the allegations raised in her petition. However, Husband testified that Wife's allegations were false, and he provided evidence in support of this testimony, including testimony regarding Wife's alleged motives for filing a false order of protection. This testimony was within the petition's scope and was properly admitted. If Husband was limited to simply denying the

allegations, as Wife appears to argue, he would be deprived of the ability to testify and defend his case. We find no error.

## CONCLUSION

**¶12** For the foregoing reasons, we affirm. Both parties request their attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324. Husband is unrepresented but, as the prevailing party, we award him his costs upon compliance with ARCAP 21.

