NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

LAUREN PRINCIPE, *Petitioner/Appellee,*

*v.*

TROY PRINCIPE, *Respondent/Appellant.*

No. 1 CA-CV 21-0562 FC
FILED 6-7-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-097491
The Honorable Nicole M. Brickner, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Lauren Principe, Tempe
*Petitioner/Appellee*

Platt & Westby, PC, Phoenix
By R. Andrew Rahtz, Korey Alexis Bahme
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C R U Z**, Judge:

¶1        Troy Principe appeals from the superior court's order of protection limiting his contact with his ex-wife, Lauren Principe ("Appellee").  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Principe and Appellee divorced in 2012 and have one minor child.  In November 2020, Appellee petitioned the superior court for an order of protection against Principe, alleging among other things, that Principe had harassed her by sending her excessive messages via My Family Wizard, had stalked her, and had used her name on a contract for financial liability for his new dog at Banfield Pet Hospital without her permission.  Appellee further alleged that Principe contacted the timeshare management company for a timeshare awarded to Appellee in the divorce and had the company remove Appellee's contact information and replace it with his own.  The court issued an order of protection in November 2020.[1]

¶3        In July 2021, Principe requested a hearing.  The court held a contested hearing, and Appellee and Principe both testified.  The court found that Appellee had not proven stalking or harassment via My Family Wizard by a preponderance of the evidence but that she had met her burden of proof to show that Principe harassed her by changing the contact information on the timeshare and listing her on the Banfield contract.  The court found that Principe's testimony on those issues was not credible and affirmed the order of protection.

---

[1]        In November 2019, the superior court affirmed an earlier order of protection against Principe, finding he had committed criminal trespass and harassed, threatened, and intimidated Appellee.  The court ordered Principe to complete a domestic offender treatment program.

¶4        Principe timely appealed in September 2021. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1), (5)(b).

## DISCUSSION

¶5        We review the superior court's order of protection for an abuse of discretion. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014). The superior court abuses its discretion "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012) (citation and internal quotation marks omitted). We do not reweigh the evidence or make credibility determinations on appeal. *Clark v. Kreamer*, 243 Ariz. 272, 276, ¶ 14 (App. 2017); *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). Because the superior court is in the best position to determine witness credibility and resolve conflicts in the evidence, we generally defer to its findings. *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 17 (App. 2012).

¶6        As applicable here, for a contested order of protection to remain in effect, the plaintiff must prove by a preponderance of the evidence that "[t]he defendant may commit an act of domestic violence" or "has committed an act of domestic violence within the past year or within a longer period of time if the court finds that good cause exists to consider a longer period." A.R.S. § 13-3602(E)(1), (2); Ariz. R. Protective Order P. 38(g)(3). Domestic violence includes harassment if the victim has a specified relationship with the defendant, including that of former spouse or co-parent. A.R.S. § 13-3601(A)(1), (2).

¶7        Principe argues the superior court abused its discretion by finding by a preponderance of the evidence that he harassed Appellee by putting her name on the Banfield contract and by changing the contact information on the timeshare account, and asserts that the court erred by finding Appellee to be more credible than himself. The contested record, however, supports the superior court's findings.

¶8        Appellee testified that she was awarded the timeshare in Florida pursuant to the parties' 2012 dissolution decree. From 2012 to August 2020, Appellee's contact information was the only contact information listed with the timeshare company. In August 2020, Appellee received an email notification that Principe had changed the email address on the account to his own. Appellee testified that in February 2021, Principe again accessed the timeshare account and changed the physical address

listed on the account to his address. Appellee testified that she felt harassed by Principe's unauthorized access to the timeshare account and procured a second phone number to utilize on the account to prevent Principe from accessing it.

¶9 Appellee further testified that, in July 2020, Principe used her name without her permission on the Banfield contract for his new dog. As a result of that unauthorized action, Appellee became financially liable for Principe's dog and Principe had access to Appellee's wellness plan for her pets. Principe did not remove Appellee from the Banfield contract until January 2021, after the parties settled other litigation in a civil lawsuit.

¶10 Although Principe testified that listing Appellee on the Banfield contract was inadvertent, the superior court found his testimony on this issue was not credible. We will not reweigh the evidence on appeal or make new credibility determinations. *Clark*, 243 Ariz. at 276, ¶ 14; *Hurd*, 223 Ariz. at 52, ¶ 16. Similarly, the court did not find credible Principe's testimony that the multiple changes to Appellee's contact information on the timeshare account were unintentional.

¶11 To the extent Principe argues that the settlement in the civil matter resolved the issues addressed in the order of protection, his argument fails. The parties' settlement of the civil matter occurred in January 2021. Principe did not request a hearing in the order of protection matter until July 2021. And Principe claims he requested a hearing "to clear his name and reputation," not because the parties had settled the dispute. On this record, considering the superior court's credibility determinations, Principe has not shown the superior court abused its discretion.

¶12 Appellee requests attorneys' fees pursuant to A.R.S. § 25-324. Because Appellee represented herself on appeal, we deny the request. Appellee is entitled to costs upon compliance with ARCAP 21.

**CONCLUSION**

¶13 For the foregoing reasons, we affirm.

