NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

LESTER CHARLES POLK, *Petitioner/Appellee*,

*v.*

YOLANDA MANCERA BAILEY, *Respondent/Appellant*.

No. 1 CA-CV 21-0615 FC
FILED 9-6-2022

Appeal from the Superior Court in Maricopa County
No.  FC2021-004875
The Honorable Shellie F. Smith, Judge *Pro Tempore*

**VACATED**

COUNSEL

Lester Charles Polk, Address Protected
*Petitioner/Appellee*

Rising Phoenix Law Group PLLC, Phoenix
By Andrew C. Long
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann joined.

---

**P A T O N**, Judge:

¶1         Yolanda M. Bailey appeals the superior court's order affirming an order of protection filed by Lester C. Polk.  For the following reasons, we vacate the order of protection.

## FACTS AND PROCEDURAL HISTORY

¶2         In August 2021, the superior court granted Polk's petition for an order of protection against Bailey.  Bailey moved for a hearing to contest the allegations in Polk's petition.

¶3         The court limited the hearing to the instances of domestic violence Polk alleged between August 2020 and August 2021, and did not find cause to consider a longer time period.  *See* A.R.S. § 13-3602(E)(2) ("The court shall issue an order of protection" if it determines reasonable cause exists to believe the "defendant has committed an act of domestic violence within the past year or within a longer period of time if the court finds that good cause exists to consider a longer period.")  Within that time frame, Polk's petition claimed Bailey harassed him when she (1) asked Polk's next door neighbor "safety sensitive questions" about him and (2) filed a false police report against him.  Relying solely on Polk's allegation that Bailey filed a false police report against him, the superior court affirmed the order of protection.

¶4         Bailey timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes § 12-2101(A)(1), (5)(b), and Arizona Rule of Protective Order Procedure 42(a)(2).

## DISCUSSION

¶5         We review orders of protection for an abuse of discretion. *See Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014).  It is an abuse of discretion for the superior court to grant an order of protection when the allegations in the petition do not include a statutorily enumerated offense. *Id.* at ¶ 11.

**¶6**      Arizona Revised Statutes § 13-3601(A) lists the offenses—including harassment—that constitute domestic violence and justify the issuance of an order of protection.  Polk's petition alleged two incidents—neither of which constitute a recognized domestic violence offense.  Polk concedes he did not have an order of protection against Bailey when she allegedly asked his neighbor "safety sensitive questions" about him, and he did not allege facts that would support a finding that the incident amounted to harassment.  *See* A.R.S. § 13-2921(A) (defining harassment).

**¶7**      As to Polk's second allegation, Section 13-2921(A)(5) specifies that filing a false police report does not constitute harassment unless the defendant does so "[o]n more than one occasion."  Polk's allegation that Bailey filed a single false police report against him does not constitute harassment under Arizona law.

**¶8**      We agree with Bailey that Polk's petition failed to meet the threshold requirement of Section 13-3601(A) because it did not allege she committed domestic violence against him within the relevant time period.  The superior court abused its discretion in affirming the order of protection against her. *See Savord*, 235 Ariz. at 259, ¶ 10 (The trial court abuses its discretion when it makes an error of law, or when the record is "devoid of competent evidence to support the decision.") (citation omitted).  Because our holding on this point is dispositive, we do not address Appellant's remaining arguments.

**¶9**      Bailey requests attorneys' fees and costs on appeal.  After considering the factors enumerated in Rule 39 of the Arizona Rules of Protective Order Procedure, we decline to award her attorneys' fees, but as the successful party, Bailey is entitled to her costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶10**      We vacate the order of protection.



AMY M. WOOD • Clerk of the Court
FILED:   AA