NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

TRACEY A. GLENNON, *Petitioner/Appellee,*

*v.*

JOHN CLAYTON HARVEY, *Respondent/Appellant.*

No. 1 CA-CV 23-0540 FC
FILED 4-4-2024

Appeal from the Superior Court in Maricopa County
No.  FN2023-091718
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

John Clayton Harvey, Phoenix
*Respondent/Appellant*

Blake & Pulsifer, PLC, Tempe
By Louis Lombardo
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1         John Harvey (Harvey) appeals from the grant of an order of protection, entered after an evidentiary hearing, arguing the superior court erred in prohibiting him from having any contact with Tracy Glennon (Glennon). Because Harvey has shown no error, the order of protection is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2         Glennon and Harvey were married for eighteen years. In June 2022, Glennon obtained an order of protection against Harvey, which remained in place until June 6, 2023. Among other things, this first order of protection prohibited Harvey from visiting their marital residence. Harvey violated this first order of protection several times and was incarcerated for several months as a result.

¶3         Meanwhile, in December 2022, Glennon filed for divorce. A decree of dissolution was entered by default in May 2023. Under the decree, Glennon was awarded the former marital residence.

¶4         On June 7, 2023, the day after the first order of protection expired, Harvey came to Glennon's residence uninvited. Glennon called the police and Harvey was cited for trespassing. Later that same day, Glennon petitioned for a second order of protection, alleging Harvey had committed acts of domestic violence against her. The superior court issued the order of protection, directing that Harvey have no contact with Glennon. Harvey was served with this second order of protection on June 23, 2023.

¶5         At Harvey's request, an evidentiary hearing was held on June 30, 2023. After hearing testimony from both parties, the court found reasonable cause to conclude Harvey's actions "constitute[d] a trespass" and, given their prior marriage, that "makes it domestic violence." Based on the evidence presented, the court continued the order of protection, noting it would "remain in full force and effect."

**¶6**        This court has jurisdiction over Harvey's timely appeal under Arizona Revised Statute (A.R.S.) § 12-2101(A)(5)(b) and Ariz. R. Prot. Order P. 42(a)(2) (2024).[1]

## DISCUSSION

**¶7**        This court reviews the issuance of an order of protection for an abuse of discretion. *Savord v. Morton*, 235 Ariz. 256, 259 ¶ 10 (App. 2014). By statute, an order of protection may be issued if the court determines there is reasonable cause to believe that the defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year. *See* A.R.S. § 13-3602(E). The court may continue the order of protection after a hearing if the plaintiff proves his or her case by a preponderance of the evidence. A.R.S. § 12-3602(L); Ariz. R. Prot. Order P. 38(g)(3).

**¶8**        In this case, at the evidentiary hearing, Harvey: (1) admitted to understanding that the first order of protection prohibited him from visiting Glennon's residence; (2) admitted to knowing he was not welcome at Glennon's residence; (3) did not deny that he was on probation on June 7, 2023, when he went to Glennon's residence; and (4) conceded he had not lived at Glennon's residence for at least a year. Harvey did not provide evidence suggesting he had permission to be at Glennon's residence. It also was undisputed that Harvey and Glennon had been married.

**¶9**        Harvey has not shown that the court abused its discretion in granting and then continuing the order of protection. The court properly found that Harvey trespassed on the property and, given the prior marriage, that was domestic violence. Harvey argues the court erred because Glennon "was again lying." But issues of witness credibility are resolved by the superior court at trial, not this court on appeal. *See Premier Fin. Services v. Citibank*, 185 Ariz. 80, 85 (App. 1995). From the record presented, after considering all evidence received, the superior court weighed and assessed that evidence and then continued the order of protection. On this record, Harvey has not shown the court abused its discretion by granting and continuing the order of protection.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**CONCLUSION**

¶10     The order of protection is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:     AA