NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DEVRIE BREANNE CARLSON,
*Petitioner/Appellee,*

*v.*

DUANE CODY CARLSON,
*Respondent/Appellant.*

No. 1 CA-CV 24-0924 FC

FILED 07-22-2025

Appeal from the Superior Court in Navajo County
No. S0900PO202400129
The Honorable Joseph Samuel Clark, Judge

**VACATED AND REMANDED**

COUNSEL

Duane Cody Carlson, Lakeside
*Respondent/Appellant*

The Weingart Firm, PLLC, Tempe
By Adam Weingart
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1 Duane Cody Carlson (Duane) appeals from the continuation of an order of protection, entered after an evidentiary hearing. Duane argues the superior court erred in prohibiting him from having any contact with Devrie Carlson and allowing him only supervised visits with their children. As discussed more fully below, this court vacates the order of protection and remands for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2 Duane and Devrie have been married for about a decade and have four children together. On October 25, 2022, Devrie obtained an order of protection against Duane after he listed their children as property on a bill of sale as part of a trust. This first order of protection remained in place for two years, expiring in late October 2024. This first order of protection prohibited Duane from having any contact with Devrie or any of their children.

¶3 On October 28, 2024, days after the first order of protection expired, Devrie filed a petition for a second order of protection. As a basis for this second petition, Devrie asserted that Duane violated the first order of protection in November 2022, June 2023 and July 2024. Devrie also expressed concern that Duane would disregard medical treatment for their oldest child, T.C., who had been diagnosed with type 1 diabetes, alleging Duane repeatedly denied the diagnosis. The superior court issued the second order of protection, listing Devrie and T.C. as protected persons with whom Duane could have no direct contact. Duane was served with this second order of protection on October 28, 2024.

¶4 At Duane's request, on November 18, 2024, the court held an evidentiary hearing on the second order of protection. At that hearing, Devrie testified that the Duane was served with the first order of protection on October 25, 2022. Along with offering evidence that Duane admitted violating the first order of protection in November 2022, Devrie testified

and presented other evidence showing that Duane texted Devrie's mother, brother and best friend to pass on a message to the children on April 4, 2023, and that he also called Devrie on June 22, 2023. Devrie's best friend confirmed receiving the text and recognized the phone number as the one Duane had used in the past. These actions in April and June 2023, Devrie alleged, violated the first order of protection.

¶5            Duane presented testimony from his mother and sister, who confirmed that, in April and June 2023, Duane texted multiple people to pass on a message to his children that he loved them, and that he called Devrie. No evidence regarding a July 2024 violation of the first order of protection was presented at the hearing.

¶6            After considering the evidence, the court continued the second order of protection as to Devrie. The order of protection did not list the children as protected parties, but stated Duane may have visitation with the minor children with a third-party supervisor approved by Devrie. Duane timely appealed. This court has jurisdiction under Arizona Revised Statutes (A.R.S.) section 12-2101(A)(5)(b) and Arizona Rule of Protection Order Procedure 42(a)(2) (2025).[1]

## DISCUSSION

¶7            This court reviews the issuance of an order of protection for an abuse of discretion. *Savord v. Morton*, 235 Ariz. 256, 259 ¶ 10 (App. 2014). Devrie was required to prove her allegations by a preponderance of the evidence. A.R.S. § 13-3602(L); Ariz. R. Prot. Ord. P. 38(g)(3).

¶8            Duane challenges the second order of protection because there was no "verified proof that [he] is or ever has been an actual threat" to Devrie or their children and the "three violations of a previously existing protective order between the parties" were not proven to be violent in nature and instead were the result of "honest mistakes done in good faith."

¶9            Devrie was required to show an act of domestic violence. *See* A.R.S. § 13-3602(E). Domestic violence includes any offense prescribed in A.R.S. § 13-2810, *see* A.R.S. § 13-3601(A), which as applicable here, means where a person "[d]isobeys or resists the lawful order, process or other mandate of a court."

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶10 Although the court can issue an order of protection if it determines there is "reasonable cause to believe . . . [t]he defendant may commit an act of domestic violence" in the future, A.R.S. § 13-3602(E)(1), the superior court did not do so here. Moreover, Devrie's second petition focused on Duane's violation of the first order of protection, not future acts of domestic violence. The court stated it did not believe Duane would violate an order of protection in the future. Although the court referenced concerns regarding what Duane would do if he had unrestricted access to the children, it disavowed such concerns as a basis for continuing the second order of protection, noting Duane had supervised visitation with the children given orders in the underlying family court matter.

¶11 An order of protection also may issue based on past domestic violence (including violating a previous order of protection), if the court determines "[t]he defendant has committed an act of domestic violence within the past year *or* within a longer period of time *if the court finds that good cause exists to consider a longer period*." A.R.S. § 13-3602(E)(2) (emphasis added). Here, the violations of the first order of protection proven at the November 2024 hearing occurred in November 2022 and April and June 2023, more than a year before the filing of the second petition. Accordingly, for the court to continue the second order of protection, it would have had to "find[] good cause . . . to consider" violations of the first order of protection that occurred more than a year before Devrie filed her second petition. A.R.S. § 13-3602(E)(2). The record contains no such finding by the court.

¶12 At the hearing, the court asked Devrie's counsel why it should consider violations that were more than a year and a half old, describing them as "somewhat benign violations." Counsel responded that Duane's actions showed a "disdain" and "lack of respect" for the court system, which indicated he may violate the order of protection in the future. The court did not, however, make such a finding or otherwise note good cause for such a conclusion.

¶13 In addressing a request for a protective order, "[a]t the conclusion of the hearing, the judicial officer must state the basis for continuing, modifying, or revoking the protective order." Ariz. R. Prot. Ord. P. 38(g)(4). The court did not state on the record that it found good cause to look further back than the presumptive one-year window for violations of the first order of protection. Nor did the resulting order make such a finding.

**¶14**      Because the record contains no finding by the court that there was good cause to consider violations of the first order of protection that were more than a year old, the second order of protection cannot stand.[2] The court denies Devrie's request for attorneys' fees and costs.

## CONCLUSION

**¶15**      The court vacates the order of protection and remands for the superior court to make any express findings it may deem appropriate regarding whether, at the time of the November 18, 2024 hearing, there was good cause to consider order of protection violations that occurred more than a year before that hearing in deciding whether to continue the second order of protection and, if so, stating the basis for its decision and, if appropriate, reissuing the second order of protection.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR

---

[2] Duane's other arguments show no basis for error. Duane alleges the court violated his due process rights because he did not receive notice of the initial hearing, held when the second order of protection issued ex parte. But he has shown no right to such notice and he had notice of the evidentiary hearing, where he had the ability to challenge Devrie's evidence and present his own evidence. *See* Ariz. R. Prot. Ord. P. 38(g)(1). He also had a right to testify, but did not do so. Duane has shown no due process denial. Nor has he shown the superior court, who issued the first order of protection, was impermissibly biased in presiding over (and then issuing) the second order of protection. *See State v. Ramsey,* 211 Ariz. 529, 541 ¶ 38 (App. 2005).