NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

TIA CARRICK, *Petitioner/Appellant,*

*v.*

GABRIEL JAMES VILLARREAL, *Respondent/Appellee.*

No. 1 CA-CV 25-0923 FC

FILED 06-26-2026

Appeal from the Superior Court in Maricopa County
No. FN2024-050994
The Honorable Lori Ash, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Tia Carrick, Peoria
*Petitioner/Appellant*

Gabriel Villarreal, Peoria
*Respondent/Appellee*

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

**F U R U Y A**, Judge:

¶1          Tia Carrick ("Mother") appeals the superior court's modification of an order of protection granted against Gabriel J. Villarreal ("Father"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Mother and Father were never married and have two minor children in common, G.V. and J.V. In June 2024, Mother filed a petition for an order of protection against Father on behalf of herself and her children, alleging abuse, stalking, and harassment. The court granted the order of protection and included the children's school as a protected location.

¶3          In September 2025, Mother moved to modify the order of protection and make the school's address confidential, which the court granted. One week later, Father requested a hearing to contest the order. At the hearing, Mother submitted a supplement to her petition, so Father requested a continuance. A continued hearing was held two weeks later, and after receiving testimony from both parties, the court found good cause to continue the order of protection but removed the children and their school from it.

¶4          Mother and Father both timely appealed, but we dismissed Father's appeal in January 2026 after he failed to file an opening brief. We now address Mother's appeal.

¶5          We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(5)(b), and Arizona Rules of Protective Order Procedure 42(a)(2).

## DISCUSSION

¶6          Mother argues the court erred in removing her children and their school from the order of protection. Father did not file an answering brief, which we may consider a confession of reversible error where debatable issues exist. *Savord v. Morton*, 235 Ariz. 256, 259 ¶ 9 (App. 2014).

But because the children's best interests are involved, we decline to apply the confession of error doctrine. *In re Marriage of Diezsi*, 201 Ariz. 524, 525 ¶ 2 (App. 2002) (declining to apply confession of error in child custody case).

**¶7**　　　　We review the court's modification of an order of protection for abuse of discretion. *Savord*, 235 Ariz. at 259 ¶ 10. "A trial court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Id.* (citation modified). When an appellant argues that a judgment is unsupported by the record, it is the appellant's responsibility to include "the record transcripts of all proceedings containing evidence relevant to [the] judgment[.]" ARCAP 11(c)(1)(B). When a transcript is absent from the record, "we assume[] [it] would support the court's findings and conclusions." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

**¶8**　　　　Mother contends the court's modification is unsupported by the record because its findings that "the children were not likely to be harmed" and "the school did not require protection" contradict the court's additional findings of Father's "ongoing stalking behavior and GPS-confirmed proximity violations." Because Mother failed to include the hearing transcript in the record, we are limited to the court's findings listed in a minute entry.

**¶9**　　　　The minute entry does not include the specific findings Mother now contests on appeal, so without the transcript, we cannot confirm the court made such findings or determine whether the court erred in its analysis. The minute entry shows only that the court found "by a preponderance of the evidence that [Father] may commit an act of domestic violence or has committed an act of domestic violence within the last year[,]" such that there is "good cause to continue the Order of Protection." It also shows the court found "it appropriate . . . to remove the minor children" from the order of protection. Because we assume the transcript supports the court's findings, *id.*, Mother has failed to show the court abused its discretion.

**¶10**　　　　Mother also contends the court erred in removing her children from the order of protection by "ignor[ing] uncontroverted evidence" related to Father's criminal conduct. When the superior court is presented with conflicting evidence, it is the court's responsibility to exercise discretion in weighing such evidence. *Vanwormer v. Lopez*, 259 Ariz.

87, 90 ¶ 9 (App. 2025). We will not reweigh conflicting evidence on appeal and we defer to the superior court's determinations. *Id.* Thus, Mother has failed to show an abuse of discretion.

**CONCLUSION**

¶11         We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:       JR