NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

SHELBY CASTILLO, *Petitioner/Appellee,*

*v.*

PATRICK CAVANAUGH, *Respondent/Appellant.*

No. 1 CA-CV 23-0293 FC

FILED 01-11-2024

Petition for Special Action from the Superior Court in Maricopa County
No.  FN2023-050445
The Honorable Sam Adib, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Shelby Castillo, Protected Address
*Petitioner/Appellee*

Law Offices of Rhonda Neff, PLLC, Phoenix
By Rhonda Elaine Neff
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1 Patrick Cavanaugh ("Defendant") appeals the superior court's order of protection against him. Having found no error, we affirm.

**FACTS AND PROCEDURAL BACKGROUND[1]**

¶2 Shelby Castillo ("Petitioner") dated Defendant for two months before she ended their relationship, telling Defendant "that there was no future between he and I." Petitioner later sought an order of protection against Defendant, alleging harassment and intimidation. She averred that Defendant was "never violent towards me," but (1) he followed her or had others follow her, (2) he used her co-workers to badger her at work, (3) he "left stuff on my windshield," including a Valentine's Day card, which she perceived as threatening, and (4) his conduct forced her to "change almost every aspect of [her] life," including to move out of her apartment and switch vehicles "to throw them off." The superior court entered an order of protection prohibiting Defendant from contacting Petitioner.

¶3 Defendant requested an evidentiary hearing, where Petitioner testified under oath. Petitioner described the allegations in her petition and added more allegations, including that she moved out of her apartment after Defendant left "three voicemails getting progressively more aggressive," including his last voicemail when he "stated if I didn't answer, that he would come over to my apartment again."

¶4 Defendant objected to this testimony, arguing the court deprived him of due process by allowing her to testify beyond the allegations in the petition. During the hearing, Petitioner amended her petition to include the new allegations. *See* Ariz. R. Protective Ord. P. 38(d). The court then offered Defendant three options to resolve his due process

---

[1] We recount the facts in the light most favorable to sustaining an order of protection. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014).

objection, including to (1) reschedule the hearing, (2) take a recess, or (3) proceed with the hearing. *See* Ariz. R. Protective Ord. P. 38(d)(2). Defendant asked to proceed with the hearing as scheduled.

**¶5** The superior court affirmed the order of protection, finding by a preponderance of the evidence that Defendant committed an act of domestic violence—namely, harassment. Defendant timely appealed. We have jurisdiction. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 12-2101(A)(1), (5); Ariz. R. Protective Ord. P. 42(a)(2), (b)(2).

## DISCUSSION

**¶6** Defendant argues the superior court erroneously granted and affirmed the order of protection and deprived him of due process. We examine each issue in turn.

## I. Order of Protection.

**¶7** Defendant first argues the superior court erred in affirming the protective order against him because the record contains no evidence of harassment.

**¶8** We review an order of protection for an abuse of discretion. *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 16 (App. 2012). The superior court abuses its discretion when the record, viewed in the light most favorable to upholding the court's decision, is devoid of competent evidence to support the decision. *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012). We will not substitute our judgment if the record has substantial evidence to support the court's decision. *Wood v. Abril*, 244 Ariz. 436, 438, ¶ 6 (App. 2018).

**¶9** A court must issue an order of protection if the petitioner establishes "reasonable cause" to believe the defendant "committed an act of domestic violence within the past year." A.R.S. §§ 13-3602(E)(2), -3601. Harassment is an act of domestic violence. A.R.S. § 13-2921. Harassment is "knowingly and repeatedly" committing an act or acts "directed at a specific person," which "would cause a reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed and the conduct in fact seriously alarms, annoys, humiliates or mentally distresses the person." *Id.* Petitioner bears the burden to prove these elements by a preponderance of the evidence. Ariz. R. Protective Ord. P. 38(g)(3).

**¶10** We discern no error. The record has ample evidence to support the superior court's decision. *See Mahar*, 230 Ariz. at 534, ¶ 14. As

described above, Petitioner alleged the Defendant followed her, had others follow her, and left "aggressive" voicemails—all of which caused her to break her lease and move from her apartment.

## II.    Due Process.

**¶11**         Defendant contends the superior court deprived him of due process by allowing Petitioner to testify about allegations not contained in her original petition.

**¶12**         We review due process claims de novo. *Mack v. Cruikshank*, 196 Ariz. 541, 544, ¶ 6 (App. 1999). Our state and federal constitutions guarantee that "[n]o person shall be deprived of life, liberty, or property without due process of law," U.S. Const. amend. XIV; Ariz. Const. art. 2, § 4, which requires the person have an opportunity to be heard "at a meaningful time and in a meaningful manner," *Gonzales v. Arizona State Bd. of Nursing*, 255 Ariz. 132, ¶ 12 (App. 2023) (citations omitted).

**¶13**         The Arizona Rules of Protective Order Procedure permit a petitioner to amend her petition if the court provides the defendant with a copy of the amended petition and offers him three options: (1) continuance of the hearing to allow an opportunity to prepare a response to the new allegations, (2) take a recess to allow him time to review the amended petition and prepare for response, or (3) waive both a continuance and recess and proceed with the contested hearing. Ariz. R. Protective Ord. P. 38(d)(1)–(2).

**¶14**         That happened here. Defendant objected to Petitioner's new testimony, so she amended her petition. The court then offered Defendant a copy of the amended petition and offered the above three options. Defendant chose to waive and proceed with the hearing. The court did not err.

**¶15**         Defendant relies on *Savord v. Morton*, 235 Ariz. 256 (App. 2014). His reliance is misplaced. That court did not allow the petitioner to amend the petition, nor did it offer the defendant an option to reschedule the hearing. *Id.* at 260, ¶ 17. Defendant received due process.

## CONCLUSION

¶16 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: TM