IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

———————————

BRIANA HERNANDEZ,
*Plaintiff/Appellee,*


*v.*


LUIS ARTURO LOARCA,
*Defendant/Appellant.*

No. 2 CA-CV 2024-0245-FC
Filed May 15, 2025

———————————

Appeal from the Superior Court in Maricopa County
No. FC2024051159
The Honorable John R. Doody, Judge Pro Tempore

**VACATED**

———————————

COUNSEL

Doyle Hernandez Millam, Phoenix
By William H. Doyle, Brandon D. Millam, and Emily S. Morgan
*Counsel for Plaintiff/Appellee*

Law Office of Florence M. Bruemmer P.C., Anthem
By Florence M. Bruemmer
*Counsel for Defendant/Appellant*

---

**OPINION**

---

Judge Sklar authored the opinion of the Court, in which Presiding Judge Eckerstrom and Judge Vásquez concurred.

---

S K L A R, Judge:

**¶1**     A court shall issue an order of protection upon finding "reasonable cause to believe" that "the defendant has committed an act of domestic violence" within specified time limits or may do so in the future. A.R.S. § 13-3602(E). "Domestic violence" includes several crimes, among which is harassment under A.R.S. § 13-2921. *See* A.R.S. § 13-3601(A). Here, we address whether a plaintiff was entitled to an order of protection when the defendant engaged in an assertedly harassing e-mail conversation with a third party rather than the plaintiff.

**¶2**     Luis Loarca sent the e-mail to the employer of Briana Hernandez. The trial court concluded that the e-mail conversation constituted harassment, so it continued Hernandez's order of protection against Loarca. This was error. The e-mail conversation was not "directed at" Hernandez as required by Section 13-2921(E). Therefore, it did not render Hernandez a victim of domestic violence. Nor did it form a basis for concluding that Loarca might harass Hernandez in the future. We therefore vacate the order of protection.

**BACKGROUND**

**¶3**     "We view the evidence in the light most favorable to upholding the trial court's ruling." *Mahar v. Acuna*, 230 Ariz. 530, ¶ 2 (App. 2012). Loarca and Hernandez share a ten-year-old daughter, M.L. Hernandez sought and obtained an ex parte order of protection against Loarca in May 2024, claiming that he was harassing her and negatively affecting her career as an employee at M.L.'s school.

**¶4**     Loarca requested a contested hearing. There, Hernandez described two instances of Loarca's behavior. Each involved a communication to employees at the school that M.L. attended, where Hernandez also worked. The trial court found that "complaints being made to the school in this case regarding [Hernandez] amounted . . . to harassment." It therefore continued the order of protection. Loarca appealed.

**ORDER OF PROTECTION**

¶5        We review a trial court's decision to continue an order of protection for an abuse of discretion. *Michaelson v. Garr*, 234 Ariz. 542, ¶ 5 (App. 2014). A court abuses its discretion when it "makes an error of law in reaching a discretionary conclusion or 'when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision.'" *Id.* (quoting *Mahar*, 230 Ariz. 530, ¶ 14).

## I.    Standard for orders of protection based on harassment

¶6        A trial court "shall issue an order of protection" if it finds reasonable cause to believe that "[t]he defendant may commit an act of domestic violence" or "[t]he defendant has committed an act of domestic violence within the past year" or, where good cause exists, a longer period. § 13-3602(E). The statutory definition of "domestic violence" requires: (1) the defendant and victim to have a qualifying relationship; and (2) the defendant to have committed one of an enumerated set of crimes against the victim. § 13-3601(A). Among the qualifying relationships is "[t]he victim and the defendant have a child in common," § 13-3601(A)(2), as is the case here.

¶7        Harassment is one of the enumerated crimes. *See* §§ 13-2921, 13-3601(A). A defendant commits harassment by either "knowingly and repeatedly commit[ting] an act or acts that harass another person," or knowingly engaging in any one of several acts in a harassing manner. § 13-2921(A). Such acts include "[c]ontact[ing] or caus[ing] a communication with another person by verbal, electronic, mechanical, telegraphic, telephonic or written means." § 13-2921(A)(1). For an act to "harass" another person, that conduct must be "directed at a specific person." § 13-2921(E). It must also be conduct that "would cause a reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed and [that] in fact seriously alarms, annoys, humiliates or mentally distresses the person." *Id.*

¶8        A court errs as a matter of law in continuing an order of protection not based on an enumerated offense. *Savord v. Morton*, 235 Ariz. 256, ¶ 11 (App. 2014). This is because "the issuance of an order of protection is a very serious matter" that "carries with it an array of 'collateral legal and reputational consequences' that last beyond the order's expiration." *Id.* (quoting *Cardoso v. Soldo*, 230 Ariz. 614, ¶ 14 (App. 2012)). These consequences can include interference with a parent's access to children, as

well as restriction of a defendant's firearm rights and employment opportunities, including in the military. *See Savord*, 235 Ariz. 256, ¶ 5 (order at issue restricted defendant's contact with his child); 18 U.S.C. § 922(g)(8) (restricting firearms access from defendants under contested order of protection); Dep't of Def., Instruction 1304.26, Qualification Standards for Enlistment, Appointment, and Induction 11, 15-16 (2018) (noting contested order of protection under 18 U.S.C. § 922(g)(8) is "major misconduct offense" requiring enlistment waiver).

## II. Whether the evidence supports a determination of harassment

**¶9**     As a preliminary matter, the exhibits that the trial court relied upon in finding that Loarca had committed harassment are not part of our record. The court never admitted them into evidence. Nevertheless, it appears the court considered their content in continuing the order of protection. This was inappropriate. A court may not consider or base its decision on materials that are not admitted into evidence or otherwise part of the court record. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, ¶ 26 (App. 1998).

**¶10**     This is so even though the record shows that the parties exchanged exhibits before the hearing, and they both relied on them during the hearing. "Absent agreement of the parties, portions of the record not admitted in evidence at trial had no evidentiary value unless they were the proper subject of judicial notice." *Gersten v. Gersten*, 223 Ariz. 99, ¶ 10 (App. 2009). In addition, materials that are not offered or admitted into evidence are not transmitted to this court for appellate review. Ariz. R. Civ. App. P. 11(a).

**¶11**     In this case, however, the parties described the exhibits during their testimony, so we base our review on those descriptions. The parties broadly discussed two communications. The first occurred at a parent-teacher conference between Loarca and M.L.'s teacher, "Ms. Sherrill." During that conference, Loarca told Ms. Sherrill that Hernandez "despi[sed] her" and "did not think that she was a good teacher." This created tension for Hernandez because she also worked at the school. In the second communication, the e-mail conversation, Loarca reported Hernandez to the principal for helping M.L. plagiarize a school assignment. The trial court appeared to conclude that only the e-mail conversation constituted harassment.

**¶12**     We agree that the communication at the parent-teacher conference was not harassment. But neither was the e-mail conversation. Hernandez testified that she "did not know anything about the

communication directly to my supervisor." No other evidence suggests that Loarca "directed" his conduct to Hernandez — an essential requirement for obtaining an order of protection on the basis of harassment. This is because Section 13-3601(A)(2) requires that the "victim" and the defendant have a qualifying relationship, such as sharing a child. A person cannot be a victim of harassment unless the alleged harassment is "directed at" that person and thus harasses that person as required by Section 13-2921(E). Hernandez has not explained, and we cannot discern, how Loarca's e-mail satisfies that standard.

¶13 In its explanation for continuing the order of protection, the trial court never addressed how Loarca's e-mail conversation with the principal could be "directed at" Hernandez. The court instead focused on other elements of the harassment statute, including the extent to which Hernandez felt "alarmed, annoyed or harassed." It also focused on Loarca's motivation for sending the e-mail, which is not relevant. *See* § 13-2921 (requiring that harassment be "knowingly and repeatedly" committed); *State v. Holle*, 240 Ariz. 300, ¶ 33 (2016) (noting defendant's subjective motive differs from statutory element of "knowingly"). Hernandez's answering brief likewise does not explain how Loarca's conduct was "directed at" her.

¶14 We draw a distinction between Loarca's behavior and that of the defendant in this court's recent case, *Raber v. Wagner*, No. 2 CA-CV 2024-0301, 2025 WL 1337330 (Ariz. App. May 8, 2025). In *Raber*, we concluded that the defendant had harassed the plaintiff through intermediaries. *Id.* ¶ 12. That defendant requested that third parties urge the plaintiff to return the defendant's phone call and suggested that third parties "knock some sense" into the plaintiff. *Id.* The defendant also threatened in communications with third parties that she would call the police if the plaintiff failed to call her back. *Id.*

¶15 In *Raber*, the defendant's conduct was "directed at" the plaintiff, even though she communicated with third parties, because it "sought to initiate direct actions toward, and communications with" the plaintiff. *Id.* ¶ 13. Here, by contrast, Loarca did not request that the principal direct any communication or conduct at Hernandez on his behalf. Even if Loarca's conduct was intended to damage Hernandez's reputation or employment, his actions were still not "directed at" Hernandez because they lacked the purposes described by *Raber*.

¶16 In support of our conclusion that Loarca's e-mail conversation was not directed at Hernandez, we rely on *LaFaro v. Cahill*, 203

Ariz. 482, ¶ 13 (App. 2002), which reaches a similar conclusion in the context of an injunction against harassment. This is significant because the statute governing injunctions against harassment, A.R.S. § 12-1809, defines harassment in materially the same manner as Section 13-2921(E). *Compare* § 12-1809(T)(1)(a) (defining "harassment" as "[a] series of acts over any period of time that is *directed at a specific person* and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose" (emphasis added)), *with* § 13-2921(E) (defining "harass" as "conduct that is *directed at a specific person* and that would cause a reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed and the conduct in fact seriously alarms, annoys, humiliates or mentally distresses the person" (emphasis added)).

¶17        The plaintiff in *LaFaro* sought an injunction against harassment in part because he had overheard the defendant refer to him using pejorative terms during a conversation with another person. 203 Ariz. 482, ¶¶ 4-5, 11-13. This court concluded that the conversation was not "'directed at' the specific person complaining of harassment." *Id*. ¶ 13 (quoting § 12-1809(T)(1)(a)). Although the defendant was talking about the plaintiff, "his comments were 'directed at' [the third party], not [the plaintiff]." *Id.*

¶18        We find *LaFaro*'s analysis persuasive. In fact, Hernandez's harassment claim is even more attenuated than the *LaFaro* plaintiff's because Hernandez did not hear or otherwise receive any emails from Loarca. She learned of the conversation after the fact, and not because Loarca had directed that it be conveyed to her. Thus, the evidence does not support the trial court's finding that Loarca engaged in harassment that satisfied the statutory definition of domestic violence. Nor does the record contain any indication that Loarca might commit harassment in the future. Thus, the trial court abused its discretion when it continued the order of protection. *Savord*, 235 Ariz. 256, ¶ 11 ("[G]ranting an order of protection when the allegations fail to include a statutorily enumerated offense constitutes error by the court.").

¶19        Because we vacate that order, we need not address Loarca's argument that some of its provisions improperly modified the legal decision-making orders issued by the family court. Nor need we address Loarca's argument that the order violated his First Amendment rights.

## DISPOSITION

¶20        For the foregoing reasons, we vacate the order of protection. Loarca did not request an award of fees.  As the prevailing party, however, he is entitled to taxable costs on appeal upon his compliance with Arizona Rule of Civil Appellate Procedure 21(b).